**Gwendolyn WARD, Plaintiff,**

v.

**PROCTER & GAMBLE PAPER PRODUCTS COMPANY, Defendant.**

No. 1:94 CV 181 SNL.

United States District Court, E.D. Missouri, Southeastern Division.

Feb. 5, 1996.

D. Eric Sowers, St. Louis, MO, for plaintiff.

James P. Mannion, Jr., Paula Finlay–Luepke, Bryan Cave, St. Louis, MO, for defendant.

## MEMORANDUM AND ORDER

LIMBAUGH, District Judge.

This matter is before the Court on the Defendant's Motion for Summary Judgment (# 6). The Plaintiff, a black female, has brought a claim of race discrimination against her former employer, Proctor & Gamble Paper Products Co. (P & G). She was fired from the Defendant's plant in Cape Girardeau, Missouri on September 29, 1993. The Defendant argues that she was terminated because of misconduct and insubordination.

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. *New England Mut. Life Ins. Co. v. Null,* 554 F.2d 896, 901 (8th Cir.1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." *Mt. Pleasant v. Associated Elec. Coop. Inc.,* 838 F.2d 268, 273 (8th Cir.1988).

Pursuant to FED.R.CIV.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7

L.Ed.2d 458 (1962). The burden is on the moving party. *Mt. Pleasant,* 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.,* 541 F.2d 207, 210 (8th Cir.1976). With these principles in mind, the Court turns to an examination of the facts.

The Plaintiff, a production line worker who manufactured diapers for the Defendant, began work on June 5, 1989. The Defendant's team-based work system required the Plaintiff to interact with her fellow employees.

Civil, effective employee interaction proved to be a problem for the Plaintiff. On January 30, 1992, the Plaintiff's team manager noted that she needed to improve in the area of teamwork and cooperation because she had a tendency to handle disputes through confrontation. This tendency was later manifested when the Plaintiff confronted a co-worker with abusive, foul language. After this incident the Plaintiff refused to discuss it with her supervisor and she was sent home for insubordination. These antics led to the Defendant's decision to place the Plaintiff on Level One probation.

Once removed from probation, the Plaintiff worked effectively with others for several months until the incident which led to her termination and this suit. The Plaintiff says that when Team Leader Sharon Heise told her that she had been moved off the team, an argument ensued. The parties disagree on the next actions of the individuals, but there is no disagreement with the fact that the Plaintiff made unwanted physical contact in anger with her superior. Whether she hit her or pushed her or slapped her is in dispute. Ms. Heise did not retaliate in any manner.

The incident was investigated by a group of P & G investigators and they determined that the Plaintiff hit her fellow employee in anger. They recommended serious measures for this offense and that, taken with her previous record, was enough to warrant the Plaintiff's termination.

■ The Plaintiff's claim is based on a disparate impact analysis. She, the black employee, was terminated for fighting while her white supervisor, a participant in the same incident, was not terminated.

The legal analysis for this claim comes from *McDonnell Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The Plaintiff must prove that she is a member of the protected class and was performing her job satisfactorily when she was discharged as a result of her conduct, but the unprotected employee who engaged in the same conduct was not discharged. At this stage, there is no question that the Plaintiff is a member of the protected class, performed her job effectively, and was discharged while her white supervisor was not.

■ The real dispute before the Court is whether the two employees were similarly situated in all relevant respects, *Harvey v. Anheuser–Busch, Inc.,* 38 F.3d 968, 972 (8th Cir.1994). The simple fact that one supervised the other means that they are not similarly situated in every respect. This could provide the Court with a reasonable basis for a decision for the Defendant, but that need not be the sole basis. The Plaintiff had a history of disciplinary problems. The Plaintiff has brought forth nothing to indi-

124

cate that Ms. Heise had a similar disciplinary record. That difference is enough for the Court to decide that the two employees are not similarly situated and that the company's action does not rise to the level of discriminatory treatment of the Plaintiff.

 This incident is one which must be left to the individual employer. Obviously employee discipline is a serious issue that corporations must face, but it is not for the Court to develop company discipline policies. The Court's role is merely to ensure that such policies are not enforced in a discriminatory manner. Therefore, the Plaintiff's criticism of a policy that allows the aggressor and not the victim to be fired is without merit. An employer is entitled to make its own subjective personnel decisions and can discharge an employee for any reason that is not discriminatory. *Blake v. J.C. Penney Co.*, 894 F.2d 274 (8th Cir.1990).

There is enough before the Court to support a finding that there was no discrimination. The employees were not similarly situated: they held different positions, the Plaintiff had a record of this sort of behavior, and the Plaintiff hit her coworker who did not hit her.

Accordingly,

**IT IS HEREBY ORDERED** that the Defendant's Motion for Summary Judgment (# 6) is granted.